UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME CLAY,

                Plaintiff,

v.

AT&T UMBRELLA BENEFIT PLAN NO. 3,

                Defendant.

No. 2:17-cv-00749-KJM-GGH

<u>FINDINGS AND RECOMMENDATIONS;
ORDER</u>

*Introduction and Summary*

      A hearing was held on defendant's Motion to Partially Dismiss Plaintiff's Third Amended Complaint, ECF No. 44, on the court's regular law and motion calendar of May 3, 2018. Plaintiff appeared pro se and defendant through its counsel Daniel M. Combs of the Campbell firm. Plaintiff was present at the hearing and defendant's counsel appeared telephonically. This Findings and Recommendations/Order resolves the Motion heard.

*PROCEDURAL HISTORY*

      Plaintiff, appearing pro se and informa pauperis in this complaint arising under the Employment Retirement Income Security Benefits Rights Act ("ERISA") filed his original complaint on April 7, 2017. ECF No. 1. Upon approving plaintiff in forma pauperis standing,

1

the court directed in an April 7, 2017 Order that he file an amended complaint for failure to allege a basis for federal jurisdiction. ECF No. 4. Plaintiff filed his First Amended Complaint on April 9, 2017, in which he properly asserted jurisdiction based upon ERISA. ECF No. 5. The court ordered service of the amended complaint on AT&T Integrated Disability Service Center on May 24, 2017. ECF No. 6. Service was made and returned executed by defendant on June 1 2017. ECF No. 9. On July 11, 2017 defendant moved for an extension of time to respond to the Complaint, ECF No. 14, which was granted by an Order issued July 18, 2017 which directed a response to be filed by July 27, 2017. ECF No. 15. Defendant responded with a timely filed Motion to Dismiss. ECF No. 16.

Defendant's Motion was heard on September 21, 2017 at the conclusion of which the court ordered plaintiff to file a Second Amended Complaint within 20 days from the hearing date. ECF No. 24. Plaintiff filed his Second Amended Complaint on October 10 2017. ECF No. 25. The parties jointly filed a Stipulation and Order to extend defendant's time to respond, ECF No. 26, and an Order was issued on October 23, 2017 directing a response to be filed on or before November 7, 2017. ECF No. 27. A second Stipulation to extend time was filed by the parties on October 30, 2017, ECF No. 28, and a new Order issued on November 9, 2017 directed a response to be filed by November 14, 2017. ECF No. 29. Defendant filed a Motion to Dismiss on the ordered response date. ECF No. 30. A hearing was held on this Motion on December 22, 2017 and an Order with Findings and Recommendations was issued by the court on December 27, 2017 recommending a that the matter be stayed for a period of no longer than 60 days and directing the defendant to file a final decision regarding an administrative appeal pending before it within that 60 day timeframe. ECF No. 37.

Once the pending administrative appeal was resolved, and pursuant to Order, plaintiff filed a Third Amended Complaint on March 15, 2018, ECF No. 43 and defendant responded with a Motion to Partially Dismiss this complaint on March 26, 2018 and noticed it for hearing on May 3, 2018. ECF No. 44. It is this Motion to Partially Dismiss that is the subject of this Findings and Recommendations/Order.

////

*THE THIRD AMENDED COMPLAINT*

      Plaintiff brings thirteen (13) claims in his present Complaint:

      First Claim – Failure to distribute plan benefits pursuant to 29 U.S,C. section 1132(a)(1)(B), ¶¶ 50-53;

      Second Claim – Breach of Fiduciary Duty under 29 U.S.C. section 1132(a)(2) for failing to inform plaintiff of criteria that were to be used to deprive him of claimed benefits, or to demonstrate ultimately what criteria were in fact used and how they were used to do so. ¶¶ 54-61;

      Third Claim – Failure to provide a full and fair review under 29 U.S.C. section 1132(a)(3)(1) by providing no clear, specific reasons for denial of claims and offering no reasonable opportunity for full and fair review. ¶¶ 65-67.

      Fourth Claim – Failure to provide accurate Evidence of Coverage ("EOC") and a Summary Plan Description ("SPD") as required under 29 U.S.C. 1022. ¶¶ 70-71.

      Fifth Claim – Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ¶ 76.

      Sixth Claim – Violation of California Business and Professions Code section 17200 arising from violations of the Americans with Disability Act, the California Unruh Civil Rights Act, and various California Insurance Code requirements. ¶¶ 80-81;

      Seventh Claim – Repeats alleged violations identified in Sixth Claim but asserting rights to equitable relief including restitution, disgorgement of unjust enrichment proceeds, and injunction against future use of such practices. ¶¶ 87-89;

      Eighth Claim – Violation of California Business and Professions Coded 17200 for withholding promised benefits and seeking equitable relief therefor. ¶¶ 96-97;

      Ninth Claim – Common Counts (Assumpsit), seeking common law restitution of payments made by plaintiff under an unjust enrichment theory, ¶¶ 102, 103;

      Tenth Claim – Breach of Contract by denial of Short Term Disability Benefit from May 2017 to January 2018, ¶¶ 105-108;

      Eleventh Claim – Breach of the California Covenant of Good Faith and Fair Dealing by

withholding of promised benefits which resulted in plaintiff paying for benefits that would normally have been deducted from his disability payments which were wrongfully withheld. ¶¶ 113-114;

Twelfth Claim – Declaration of the rights and obligations of the parties and injunction to enforce performance. ¶¶ 118-120;

Thirteenth Claim – Violation of the Unruh Civil Rights Act, California Civil Code section 51, for disparate treatment based on race (African American) and Americans with Disabilities principles, ¶¶ 123-129. Plaintiff seeks exemplary or punitive damages under this claim only. ¶ 130.

*THE MOTION TO DISMISS*

*A. Proper Defendant Parties*

It is time to have the proper party named in this action once and for all. Plaintiff lists several defendants, but the only defendant which has appeared is "AT&T Umbrella Benefit Plan No. 3." The court understands from this defendant's representations that it is the only proper party herein. While at times it may be appropriate to name a claims administrator as a defendant aside from "the Plan," given the outcome of the Motion to Dismiss the undersigned will order the caption of this case to contain only the above quoted defendant description as the defendant in this case. The parties shall only use this captioned defendant hereafter.

*ERISA Claims*

Claims 1-4 are the ERISA claims. However, there are two distinct time periods involved. The distinct time periods are undisputed and are succinctly stated in Defendant's Points and Authorities. pp. 2-3, ¶¶ 2-6:

2. On or about December 6, 2016, Plaintiff applied for STD benefits after having knee surgery, which Plaintiff claims "render[ed] him totally disabled." (TAC ¶¶ 19-20, 26.)

3. The IDSC granted Plaintiff's request for STD benefits through March 15, 2017, and denied benefits beyond that date. (See TAC ¶¶ 28-29; Letter from AT&T HR Services to Clay dated 3/17/17, attached as Exhibit A-3.)

4. Plaintiff administratively appealed the First Denial Decision. (TAC ¶ 30.) On or about

4

May 18, 2017, the IDSC overturned its initial decision to deny benefits beyond March 15, 2017, and approved STD benefits for the period December 16, 2016 through June 11, 2017. Id.

5. On or about July 26, 2017, the IDSC denied STD benefits for the period starting June 12, 2017.6 (TAC ¶ 31; Exhibit 2 to TAC at 1-2 because it had not received additional medical information to support his continued claim. (Exhibit 2 to TAC at 1-2.)

6. During this litigation, Plaintiff appealed the Second Denial Decision. (See Reply Brief in Support of Defendant's Motion to Dismiss Second Amended Complaint, Docket No. 33 at 7 n.10.) The IDSC upheld the Second Denial Decision. (See Joint Status Report, Docket No. 39 at 2.)

Defendant recognizes that the merits of the second denial must go forward to a resolution on the merits. Thus, those parts of Claim 1 and 3 (essentially the same claim separately stated) which go to the merits of the decision for the *second decision* are viable.

However, since plaintiff received all he was due for the first time period with one possible exception, Claims 1 and 3 are moot for that first period except as described in this paragraph. Plaintiff insists that he was forced to pay health insurance premiums which he would not have had to pay because his ERISA disability plan would have paid for them. While this may not be factual, if defendant's arguments are to be believed, the court is not in a position to resolve this factual dispute on motion to dismiss. Claims 1 and 3 remain alive in this one respect only for the first decision.

Claim 2 speaks to a breach of fiduciary duty, but in sum, these allegations simply restate his claims that he was unlawfully denied benefits. Plaintiff's allegations, i.e., general conclusions, about breach of fiduciary duty are spread about the Third Amended Complaint. In paragraph 36, plaintiff alleges that defendant failed to follow "reasonable claims procedure" in denying his claim; paragraph 40 concludes the lack of a "full and fair review;" paragraph 42 then concludes that the "foregoing acts and omissions constitute a breach of [defendants'] fiduciary duty." Despite this wrap-up conclusion, paragraph 49 then asserts: "Defendants acted under a conflict of interest in denying the claim." Then, the actual breach of fiduciary duty Claim 2 commences with paragraph 57. The following paragraphs assert violations of nearly every

conceivable fiduciary duty, but the paragraphs never contain supporting facts, e.g., paragraph 58:

> Defendants further breached their duties by failing to meet the requisite standard of prudence under 29 U.S.C. section 1104, which requires Defendants to discharge its duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

Plaintiff essentially asserts that because his claim was denied, defendant breached its fiduciary duties in every way. If this were the case, every simple denial of ERISA benefits would concomitantly be a breach of fiduciary duty. This is not the law.

> To allege a claim for breach of fiduciary duty under Section 1132(a)(2), [plaintiff] must allege that Sun Life injured the Plan or otherwise jeopardized the entire Plan or put at risk Plan assets. See *ibid*. (*quoting* Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock, 861 F.2d 1406, 1414 (9th Cir. 1988)). The amended complaint essentially alleges that Sun Life has repeatedly and in similar ways mishandled individual Plan participants' claims for benefits, including Mauerman's. As our court of appeals has recognized, however, "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA." Amalgamated Clothing, 861 F.2d at 1414 (*citing* Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985)).

Mauerman v. Sun Life Ins., 2017 WL 3641855 *3 (N.D. Cal. 2017).

Plaintiff sues under 29 U.S.C. § 1132 (a)(1)(B) (denial of benefits), § 1132 (a)(2) (breach of fiduciary duty), and § 1132 (a)(3) (a type of catch-all for any ERISA violation). However, as defendant points out, one must seek relief other than that sought for the other listed sections. Mauerman v. Sun Life etc., at *4 citing Ninth Circuit cases. Thus Claim 2 should be dismissed in its entirety with no leave to amend at this point as plaintiff has previously had sufficient opportunity state such a claim.

Claim 4 alleges a failure to transmit to plaintiff certain information required to be transmitted or disclosed. See 29 U.S.C. § 1132 (c). The precise allegation is contained in paragraph 71:

> Defendants have failed to timely disclose to Plaintiff EOC and SPD information regarding the disability benefits in question. Additionally, Defendants failed to disclose to Plaintiff the procedures to be followed in presenting claims for benefits

6

under the Plan. These failures violate ERISA. Further, by failing to accurately convey material plan information to Plaintiff and failing to provide a "full and fair review" of any appeals under 29 USC section 1133, Plaintiff has been harmed by Defendants.

Defendant asserts that plaintiff has just made another conclusion devoid of supporting facts. But there are times when facts can be stated in broad terms. This allegation, although somewhat conclusionary is also factual, i.e., specific information was not given. Resolution of this claim will have to await summary judgment or factual resolution.[1]

*B. Americans with Disabilities Act Claim—Claim 5*

In general, the ADA "prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." Parker v. Metropolitan Life Ins. Co., 121 F.3d 1006, 1007 (6th Cir. 1997). Defendant does not operate an entity that offers any of these amenities nor does plaintiff so allege. That is, ERISA insurance policies are not places of public accommodation. Nielsen v. Unum Life Ins. Co. of America, 58 F.Supp. 3d 1152, 1163 (W.D. Wash. 2014) *citing* Weyer v. Twentieth Century Fox, 198 F.3d 1104, 1115 (9th Cir. 2000). This claim should be dismissed.

*C. State Law Claims- Claims 6, 7, 8, 9, 10, 11*

Plaintiff's Claims numbered 6, 7, 8, 9, 10, 11 are all brought under various state laws. Plaintiff alleges that the court has jurisdiction over these claims under 28 U.S.C. § 1367(a) which confers supplemental jurisdiction on this court over "all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The exception to this general rule is, however, expressly stated in the statute which denies supplemental jurisdiction where such jurisdiction is "expressly provided otherwise by Federal statute . . .". Defendant claims such

---

[1] Defendant attaches Exhibits to its Motion in an effort to demonstrate that plaintiff did not perfect a right to be provided copies of Plan documents which is the basis for plaintiff's Fourth Claim. Defendant does not, however, seek judicial notice of those documents, nor could it successfully do so given the purpose of the offering of such documents is to invite a finding of the truth of the matter asserted within them. Suffice to say the gravamen of the attached documents may constitute a defense to the Fourth Claim, or be the subject of a Motion for Partial Summary Judgment, but they cannot be used in support of a Motion to Dismiss.

express provision is found in the preemption clause of the ERISA statute at 29 U.SC § 1144(a). That section states: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."[2]

The United States Supreme Court has defined ERISA, pursuant to which plaintiff's suit proceeds, as a law that "[c]omprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins, Co. v. Dedeaux, 481 U.S. 41, 44 (2015). The Ninth Circuit Court of Appeals has explained preemption as follows: "There are two strands of ERISA preemption: (1) 'express preemption under ERISA ¶ 514, 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in [§ 502(a),] 29 U.S.C. § 1132(a)." Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011) *citing* Cleghorn v. Blue Shield of Cal., 408 F.2d 1222 1225 (9th Cir. 2005). This preemption doctrine preempts "[e]ven claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly." Gibson v. Prudential Ins. Co. of America, 915 F.2d 414, 416-417 (9th Cir. 1990). The only exception to this preemption of state law claims being litigated in connection with ERISA plans is a savings clause found in section 514(b)(2)(A) of ERISA, 29 U.S.C. § 1144(b), which excepts from preemption state "laws that purport[s] to regulate insurance." Pilot, supra, 481 U.S. at 45. None of the state law claims asserted by plaintiff in this case are directed specifically to insurance regulation and, with the exception of Claim 13 -- asserting violation of California's Unruh Civil Rights Act, Cal.Civ.Code § 51[3] -- all of the claims seek to impose

////

---

[2] 29 U.S.C. 1003(b) exempts governmental and church plans, plans maintained solely to comply with workmen's compensation, unemployment or disability insurance laws, plans maintained outside of the U.S. substantially for the benefit of nonresident aliens, and excess benefit plans.
[3] The Unruh Act, Claim 13, will be discussed separately below.

liability under contract and tort laws of the State due to alleged unlawful denial of ERISA benefits.[4]

The central purpose of the preemption doctrine found in the Act is to prevent the necessity for benefit plans arising under ERISA to vary their administration of benefits state by state when the whole purpose of ERISA was to establish uniform administration of employee benefit plans throughout the nation. Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 981, 982 (9th Cir. 2001). See also Crosby v. California Physicians' Service, 279 F.Supp.3d 1074, 1084 (C.D.Cal. 2018) *citing* Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134; Sokol v. Bernstein 803 F.2d 532 (9th Cit. 1985) (no state law extra-contractual, compensatory, or punitive damages permitted).

As a result plaintiff's Sixth through Eleventh Claims should be dismissed without leave to replead.

   *D. Declaratory Relief Claim- Claim 12*

This claim is entirely surplusage to the ERISA claims which the court has indicated should go forward. It should be dismissed.

   *E. The Unruh Act Claim-Claim 13*

California's Unruh Civil Rights Act guarantees that
[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

51 Cal.Civ.Code 51(b).

A state law is not ERISA preempted if it prohibits practices that are also unlawful under federal law. Shaw v. Delta Airlines, 463 U.S. 85, 96 (1983). However, as seen above, plaintiff's allegations fail to state a claim under federal law—the ADA. Therefore, the Unruh Act claim

---

[4] In Dishman, supra, the Ninth Circuit, referring to Pilot Life, supra, expressly named claims for tortious breach of contract and breach of fiduciary duty, both of which are alleged by plaintiff here, as impermissible efforts to "obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." 269 F.3d at 983.

9

here cannot stand as a substitute for the ADA.

Plaintiff, perhaps understanding this, alleges that defendant bears liability under this Act insofar as he contends that his benefits were withheld from him and other African American males who suffer from high blood pressure and hypertension because they as a group suffer at a rate higher than that of any other definable group in the population.

Such a claim could speak to a broader wrong than can be addressed purely under ERISA e.g., a violation of 42 U.S.C. § 2000e-5, and California's Fair Employment and Housing Act, and thus would not be preempted. Plaintiff has not, however, adequately pleaded such a claim. Plaintiff is not seeking remedies for an alleged blood pressure related disability, as to which he argues he was discriminated against because defendant knew this type of illness occurred more frequently in black males than other population groups, but rather because of the effects of damage to his knee--period. Thus this Unruh Act claim is wholly ephemeral and states nothing legally cognizable in the context of his complaint arising under ERISA. It should be finally dismissed.

*CONCLUSION*

This case has been proceeding in the pleadings stage for over a year. Plaintiff has had several opportunities to amend his complaint to allege specific facts and claims. The time to leave the pleading stage has arrived. No further amendments should be allowed.

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Claims 1, 3, and 4 proceed as described in this Findings and Recommendations;
2. Claim 2 be dismissed without leave to amend;
3. Claim 5 be dismissed without leave to amend;
4. Claims 6 through 11 be dismissed without leave to amend;
5. Claim 12 be dismissed as surplusage;
6. Claim 13 be dismissed without leave to amend;

IT IS HEREBY ORDERED:

1. "AT&T Umbrella Benefit Plan No. 3" shall be inserted as the only defendant in this case;

2. Within 30 days of the service of defendant's Answer the parties shall exchange documents as required by Federal Rule of Civil procedure 26(a)(1);
3. Within 14 days of completion of the initial disclosures the parties shall notify the court that the disclosures have been completed so that a Scheduling Order can be issued to move this case toward final resolution.
4. This Findings and Recommendations resolves ECF No. 44.

The Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 1, 2018

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE