UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. CLAY,<br><br>        Plaintiff,<br><br>   v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>        Defendant. | No. 2:17-cv-0749-KJM-KJN PS<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING PRO SE PARTIES, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On February 7, 2019, the court conducted a status (pretrial scheduling) conference in this matter. Plaintiff Jerome Clay appeared, representing himself, and attorney Daniel Combs appeared telephonically on behalf of defendant AT&T Umbrella Benefit Plan No. 3. After considering the parties' joint status report (ECF No. 65) and the parties' representations at the

1

status conference, the court issues the following pretrial scheduling order.

NATURE OF THE CASE

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA") in which plaintiff asserts that the claims administrator improperly denied plaintiff's claim for short-term disability benefits.

Defendant denies liability.

SERVICE OF PROCESS

Defendant answered plaintiff's third amended complaint. Thus, no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

This action is exempt from initial disclosure as an "action for review on an administrative record." See Fed. R. Civ. P. 26(a)(1)(B)(i).

LAW AND MOTION

The parties agree that the case should be resolved through cross motions for summary judgment. Dispositive cross motions for summary judgment shall be filed by **June 28, 2019**; any oppositions to those motions are due **July 26, 2019**; and any reply briefs are due **August 16, 2019**. A hearing on the cross motions for summary judgment is set for **September 12, 2019, at 10:00 a.m.,** in Courtroom No. 25 before Judge Newman.

DISCOVERY

Generally, discovery is disfavored in ERISA actions. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (stating that "in general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion"). However, the district court "may, in its discretion, consider evidence outside the

administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." Id.

Therefore, no general discovery is authorized. To the extent that plaintiff wishes to conduct any limited discovery with respect to a claimed conflict of interest, plaintiff shall file an appropriate motion requesting such discovery in accordance with Local Rule 251. Such a motion shall be filed no later than **April 15, 2019**, and shall specify the exact discovery request(s) that plaintiff intends to propound on defendant. Before filing such a motion, plaintiff shall first meet and confer with defendant in voice-to-voice dialogue to see whether an appropriate stipulation can be reached. To assist the parties in that regard, the court also strongly encourages the use of informal telephonic discovery conferences with the court. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.

SETTLEMENT CONFERENCE

Defendant does not believe that a settlement conference or other alternative dispute resolution mechanism would be fruitful. If that determination changes at any point, the parties may file a joint stipulation to request a settlement conference. If the parties request the undersigned to conduct the settlement conference, the stipulation shall be accompanied by an appropriate waiver of any disqualification by virtue of the undersigned acting as both the assigned magistrate judge and the settlement judge.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

////

IT IS SO ORDERED.

Dated: February 8, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE