UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. CLAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 3,<br><br>　　　　Defendant. | No. 2:17-cv-0749 KJM KJN (PS)<br><br><br>ORDER |

This case arises from allegations that Defendant failed to pay short term disability benefits to Plaintiff after an injury. (ECF No. 43.) Plaintiff, proceeding pro se, asserts three claims under the Employee Retirement Income Security Act ("ERISA"). (See ECF Nos. 52, 55.)

On January 30, 2019, the parties informed the Court that they anticipated resolving the remaining claims on summary judgment, and so proposed a briefing schedule. (ECF No. 65.) The Court assented to this schedule and set a hearing for September 12, 2019. (ECF No. 67.) In June, the parties stipulated to extending the briefing schedule and resetting the hearing because Defendant required more time to prepare its brief and Plaintiff was then studying to take the July 2019 California bar exam. (ECF No. 70.) Finding good cause, the Court again adopted the parties briefing schedule, which is as follows: any motions for summary judgment would be due by August 16; oppositions by September 13; replies by October 4; the hearing was reset to October 31, 2019. (ECF No. 70.)

1

Defendant filed its summary judgment motion on August 16. (ECF No. 71.) Under the stipulated schedule, Plaintiff was obligated to file and serve written opposition or a statement of non–opposition by September 13. See E.D. Cal. L.R. 230(c) (stating that "[o]pposition, if any, to the granting of the motion shall be in writing . . . . A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question."). Despite the parties' stipulated deadlines and the local rules, Plaintiff failed to file a written opposition or statement of non-opposition to Defendant's motion—much less his own cross–motion for summary judgment. (See also ECF No. 72, Defendant's "Notice of Plaintiff's failure to file cross–motion for summary judgment.")

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[1] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

---

[1] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished). By analogy, this authority applies to failure to oppose a motion for summary judgment.

Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). Further, if opposition to a motion has not been filed, Local Rule 230 allows for courts in this district to bar a party from being heard as well as to construe the absent filing as non–opposition to the motion. See L.R. 230(c).

Because of Plaintiff's failures, Defendant has requested the Court grant summary judgment in its favor on Plaintiff's three remaining claims. However, in light of Plaintiff's pro se status,[2] and the fact that an extension was granted for Defendant to file its motion, the Court will provide Plaintiff with a final opportunity to respond to Defendant's motion (or a statement of non–opposition). See L.R. 230(c). Plaintiff is warned that under Local Rule 230, "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party[, and a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." E.D. Cal. L.R. 230(c). Further, given that the briefing schedule is one proposed by Plaintiff himself, any future failure to follow the Court's scheduling order and the local rules may result in a Rule 41(b) dismissal. Hells Canyon, 403 F.3d at 689.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file written opposition to Defendant's motion for summary judgment, or a statement of non-opposition thereto, on or before September 30, 2019, at 4:00 P.M.

---

[2] The Court regularly allows for additional leniency with pro se litigants. However, the Court is particularly troubled by Plaintiff's actions in failing to obey the Court's orders, Local Rules, and 9th Circuit precedent—given that he indicated his eligibility to sit for the July 2019 California bar exam.

3

Plaintiff's failure to to do so will be deemed a statement of non-opposition to the pending motion and will result in Plaintiff being precluded from being heard on these issues raised in the summary judgment motion. Further, the Court will consider sanctioning Plaintiff for failing to follow the Court's orders, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

2. Defendant may file a written reply to Plaintiff's opposition, if any, on or before October 24, 2019; and

3. The hearing (<u>see</u> ECF No. 71) remains set for October 31, 2019, at 10:00 A.M., in Courtroom 25.

IT IS SO ORDERED.

Dated: September 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE